# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD KOREN : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 12-1586 |
| : | |
| FRANK NOONAN and MARIA FINN : | |
|     Defendants. : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                **February 20, 2013**

      Plaintiff Edward Koren, a retired Pennsylvania State Police Lieutenant, filed suit against Defendants, the Commissioner and an employee of the State Police, alleging that Defendants acted to scuttle Plaintiff's candidacy for elective office by insinuating to the media that because Plaintiff did not retire with an honorable discharge, he committed serious misconduct. Plaintiff brings claims for violation of the following constitutional rights as secured by 42 U.S.C. § 1983: retaliation for exercise of his First Amendment right to run for public office (Count One), invasion of privacy (Count Two), denial of due process (Count Three), and denial of equal protection of the laws (Count Four). Plaintiff also asserts a state law claim of willful misconduct (Count Five). Defendants have moved to dismiss the Complaint.

## I.    FACTS ALLEGED IN THE COMPLAINT

      Plaintiff alleges the following facts, which are assumed to be true for purposes of the motion to dismiss. Plaintiff had a distinguished career with the State Police from 1978 until he retired in 2005. At the time of his retirement, the State Police had no standard policy governing when a trooper retired with an honorable discharge, as opposed to simply retiring, and Plaintiff did not receive an honorable discharge. In 2011, Plaintiff ran as a Democrat for the office of

District Attorney of Lehigh County. During the campaign, Defendant Maria Finn, acting at the direction of Defendant Frank Noonan, the Commissioner, provided false information to an area newspaper that at the time of Plaintiff's retirement, an honorable discharge was given when a member of the State Police "did not engage in serious misconduct while employed" and that the "vast majority" of troopers retire with an honorable discharge.[1] These false statements were made to retaliate against Plaintiff for running against the sitting Republican District Attorney of Lehigh County. According to Plaintiff, Defendant Noonan in 2011 conducted a secret, "second" review of Plaintiff's personnel record and again denied Plaintiff an honorable discharge.[2] Plaintiff also alleges that despite his exemplary record he was denied an honorable discharge, but that honorable discharges were awarded to some employees of the State Police who had committed serious misconduct.

## II. STANDARD OF REVIEW

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[3] In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4] Courts are not bound to accept as true legal conclusions couched as factual

---

[1] Compl. ¶ 13.

[2] Compl. ¶ 27.

[3] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[4] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir.1994); Fay v. Muhlenberg Coll., No. 07–4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

2

allegations.[5] Something more than a mere possibility of a claim must be alleged; the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[6] The complaint must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory.[7] The court has no duty to "conjure up unpleaded facts that might turn a frivolous claim . . . into a substantial one."[8]

## III. DISCUSSION

### A. First Amendment

To state a claim for First Amendment retaliation, Plaintiff must allege: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."[9] Plaintiff also must allege that the claimed retaliatory actions were more than *de minimis*.[10] In the context of this case, Plaintiff has not met his pleading burden. Plaintiff alleges that Defendants falsely implied that he had committed misconduct as a trooper. However, at the time these statements were made, Plaintiff was no longer employed by the State Police; he was a candidate for political office and "more is

---

[5] Twombly, 550 U.S. at 555, 564.

[6] Id. at 570.

[7] Id. at 562.

[8] Id. (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42–43 (6th Cir.1988)).

[9] Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006).

[10] O'Connor v. City of Newark, 440 F.3d 125, 127-28 (3d Cir. 2006).

3

fair in electoral politics than in other contexts."[11]  Plaintiff willingly engaged in "the rough and tumble of local politics," and the facts as alleged would not support a finding that the claimed retaliation was sufficient to deter a person of ordinary firmness from entering that arena.[12]  The Court does not hold that false statements during a political campaign can never give rise to a constitutional violation, only that Plaintiff has not alleged a claim in this case.

Furthermore, although there is unquestionably a constitutional right to associate for political purposes, and for qualified voters to cast their votes effectively, there is no right to be elected to political office.[13]  Plaintiff ran for office unsuccessfully; a losing campaign is not a constitutional injury.

**B. Right to Privacy**

"An individual has a constitutional right to privacy which protects 'the individual interest in avoiding disclosure of personal matters.'"[14]  This right to privacy in confidential information includes medical and financial records, for example, but does not include information divulged in a police report.[15]  The Court need not decide whether Plaintiff's personnel records are protected under the right to confidentiality, because Plaintiff does not allege that his records were wrongly released; to the contrary, he alleges that he was wronged by the *failure* to release his personnel

---

[11] Blair v. Bethel Sch. Dist., 608 F.3d 540, 544-45 (9th Cir. 2010) (holding that "the First Amendment does not succor casualties of the regular functioning of the political process," (footnote omitted)).

[12] Parks, 480 F.3d at 840.  Cf. Ollman v. Evans, 750 F.2d 970, 1002 (D.C. Cir. 1984) (en banc) (Bork, J., concurring). ("Where politics and ideas about politics contend, there is a First Amendment arena. The individual who deliberately enters that arena must expect that the debate will sometimes be rough and personal.").

[13] Parks v. City of Horseshoe Bend, 480 F.3d 837, 840 (8th Cir. 2007).

[14] Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001) (quoting Whalen v. Roe, 429 U.S. 589, 599 (1977)).

[15] Scheetz v. The Morning Call, Inc., 946 F.2d 202, 206-07 (3d Cir. 1991) (citations omitted).

4

records and by a false insinuation that Plaintiff had committed serious misconduct.[16] Because no actual information from Plaintiff's personnel file was released, he cannot state a claim for invasion of privacy.[17]

Moreover, Plaintiff has not alleged a constitutional injury. A plaintiff cannot state a claim for damage to his reputation alone, without "some concomitant infringement of a protected right or injury."[18] In Seigert v. Gilley,[19] the Supreme Court held that a plaintiff could not establish a constitutional deprivation where a former employer responded with a scathing letter when the plaintiff requested a letter of recommendation for a potential employer several weeks after the plaintiff had voluntarily resigned.[20] The Supreme Court held that "[t]he statements contained in the letter would undoubtedly damage the reputation of one in his position, and impair his future employment prospects. . . . But so long as such damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable" as a constitutional violation.[21] Plaintiff argues that Seigert does not bar his claim because the harm came not when he retired from the State Police but when he exercised his First Amendment right to run for office. But the essential holding of Seigert – that the Constitution is

---

[16] Compl. ¶ 22.

[17] Plaintiff does not allege that he was prevented from obtaining and disseminating his personnel record himself, if he so wished.

[18] Ersek v. Twp. of Springfield, 102 F.3d 79, 82 n.5 (3d Cir. 1996) (citing Paul v. Davis, 424 U.S. 693, 712-13 (1976)).

[19] 500 U.S. 226 (1991).

[20] Id. at 233-34.

[21] Id. at 234 (citing Paul, 424 U.S. 693 (1976)).

5

not a substitute for defamation claims – applies with equal force to this case.[22]

### C. Due Process

"The Fourteenth Amendment prohibits state deprivations of life, liberty, or property without due process of law. . . . [A]n individual does not have a protected property interest in reputation alone."[23] Plaintiff's due process claim is based on Defendant Noonan's decision to conduct a second, secret review of Plaintiff's discharge status and once again deny Defendant an honorable discharge. Although the liberty to pursue a calling or occupation is secured by the Fourteenth Amendment,[24] Plaintiff was not deprived of this interest because he voluntarily retired from the State Police. Therefore, Plaintiff also has no entitlement to the sort of "name-clearing hearing" that has been deemed appropriate in cases of dismissal for misconduct.[25] Moreover, Plaintiff does not allege that he requested a hearing at the time of his retirement, and a later review is not a matter of constitutional concern because Plaintiff no longer had a protected interest in his employment.

### D. Equal Protection

Plaintiff's equal protection claim is based on the allegation that troopers accused of misconduct have received honorable discharges while he did not. The Court need not decide whether these facts state a claim under the Equal Protection Clause of the Fourteenth Amendment, because any such claim is time-barred as a matter of law.

---

[22] Plaintiff argues that a § 1983 claim is his only remedy because state sovereign immunity bars a defamation claim against state officials. That there may not be a particular state remedy, however, does not convert a tort claim into a constitutional violation.

[23] Thomas, 463 F.3d at 297 (citations omitted).

[24] Thomas, 463 F.3d at 297 (citations and quotations omitted).

[25] Graham v. City of Phila., 402 F.3d 139, 144 (3d Cir. 2005); Ersek, 102 F.3d at 84.

Claims brought pursuant to § 1983 are governed by the statute of limitations applicable to a personal injury action brought under state law.[26] In Pennsylvania, that period is two years.[27] A § 1983 claim accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."[28] In this case, Plaintiff does not allege that he was unaware that his retirement was not classified as an honorable discharge when it became effective in 2005. The alleged second review in 2011 did not revive the claim, as any harm accrued at the time of the initial determination.

### E. Qualified Immunity

Defendants also move for dismissal on the basis of qualified immunity, which requires the Court to determine (1) whether the facts alleged by the plaintiff show the violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the alleged misconduct.[29] Because the Court has determined that Plaintiff has not alleged a violation of a constitutional right, Defendants are entitled to qualified immunity.

### F. State-law Claim of Willful Misconduct

In Count Five, Plaintiff alleges that Defendant Finn had actual knowledge that she was not authorized to release personnel information, but did so with outrageous and willful disregard of Plaintiff's rights. An employee of an agency of the Commonwealth of Pennsylvania is entitled to sovereign immunity unless a statutory exception applies, or, the conduct falls outside the scope of

---

[26] Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003).

[27] 42 Pa. Cons. Stat. § 5524.

[28] Wallace v. Kato, 549 U.S. 384, 388 (2007) (internal quotation marks and citations omitted).

[29] Saucier v. Katz, 533 U.S. 194, 201 (2001).

7

the individual's employment.[30]  The issues raised turn on the interpretation of Pennsylvania law. In his memorandum in opposition to the Motion to Dismiss, Plaintiff states that "Plaintiff does not disagree that, if all federal claims are dismissed the state pendant claims for willful misconduct should be removed to state court."[31]  As all of the federal claims will be dismissed, the Court declines to exercise jurisdiction over the state-law claim, and Plaintiff may pursue his claims in the appropriate forum.

IV.  **CONCLUSION**

Plaintiff has failed to state a claim of any right secured by the United States Constitution. Plaintiff has not requested leave to file an amended complaint, and under the facts as alleged, it is unlikely that, even if a claim could be stated, Plaintiff could overcome the hurdle of qualified immunity.  The Court therefore has determined that the § 1983 claims will be dismissed with prejudice, and the state-law claim will be dismissed without prejudice to its assertion in the appropriate state court.  An order will be entered.

---

[30] See, e.g., Feliz v. Kintock Group, 297 F. App'x 131, 137 (3d Cir. 2008).

[31] Pl.'s Am. Mem. Opp. Mot. Dismiss at 12.  Although the Complaint alleges in Count Five that different immunity for state and local officials is a violation of the Equal Protection Clause, Plaintiff has not attempted to defend this contention in his opposition to the motion to dismiss.